IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Paul Lewis Richard,<br><br>                Plaintiff,<br><br>v.<br><br>Jonathan D. Jeffcoat, Sergeant F.L. Finch, and Michael Wilfong.<br><br>                Defendants. | Case No. 3:24-cv-05553-SAL<br><br>**ORDER** |

    Plaintiff Paul Lewis Richard ("Plaintiff"), proceeding *pro se*, brings this action against Defendants Jonathan D. Jeffcoat, Sergeant F.L. Finch, and Michael Wilfong (collectively, "Defendants") of the Lexington County Sheriff's Department ("LCSD"). Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendants, alleging they violated his constitutional rights when they arrested him on January 23, 2023. *See* ECF Nos. 10, 21; *see also* ECF No. 23. The parties both move for summary judgment, ECF Nos. 28, 36, and each opposes the other's motion. [ECF Nos. 35, 40.]

    This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends denying Plaintiff's motion for summary judgment and granting Defendants' motion for summary judgment. [ECF No. 41.] Plaintiff objects to the recommendation. [ECF No. 43.] For the reasons below, the court adopts the Report and its ultimate recommendation.

1

**LEGAL STANDARDS**

I.    **Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id*. To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id*. But "[i]n the absence of specific objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

II.    **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences

and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Courts must liberally construe complaints filed by pro se plaintiffs. *Gowen v. Winfield*, 130 F.4th 162, 171 (4th Cir. 2005). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Still, the "special judicial solicitude" applicable to pro se complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (1990). Accordingly, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *id.*, nor can the court presume a genuine issue of material fact where none exists. If none can be shown, summary judgment should be granted. Fed. R. Civ. P. 56(c).

# DISCUSSION

## I. The Report

Plaintiff alleges Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights, as well as various state laws, when they arrested him on January 23, 2023, pursuant to allegedly invalid and unauthorized warrants. *See* ECF No. 10. The parties have filed cross motions for summary judgment. [ECF Nos. 28, 36.] Plaintiff contends the Defendants failed to demonstrate they were legally entitled to execute an arrest and search warrant outside their jurisdiction, *see* ECF No. 28, while Defendants argue they lawfully executed these warrants pursuant to state and constitutional requirements. *See* ECF No. 36-1. The magistrate judge issued a thorough Report and Recommendation, recommending the court deny Plaintiff's motion for summary judgment and grant Defendants' motion. [ECF No. 41]. The Report sets forth in detail the relevant facts and standards of law, and the court incorporates those facts and standards with only a synopsis of the relevant facts. *See id*.

### A. Factual Background

On January 23, 2023, LCSD officers, including Jeffcoat and Wilfong, responded to a burglary at a residence in Lexington County, South Carolina. [ECF No. 41 at 2.] The homeowner later arrived and provided screen captures from two exterior surveillance cameras. *Id*. These images allowed officers to identify Plaintiff as a possible suspect through facial recognition. *Id*. The officers also identified a 2017 Chevrolet Malibu registered to Plaintiff's wife.

With this information, Jeffcoat appeared before Lexington County Magistrate Judge Gary S. Morgan and obtained an arrest warrant for Plaintiff. *Id.* at 2–3. Jeffcoat also secured a second arrest warrant for Plaintiff regarding another burglary on the same night. *Id.* at 3. Once LCSD entered the arrest warrants into the National Crime Information Center Database, Richland County

Sheriff's Department ("RCSD") Investigator Kirby obtained a search warrant for Plaintiff's residence in Richland County. *Id.*

Officers from both LCSD and RCSD arrived at Plaintiff's residence. *Id.* LCSD officers executed the arrest warrant. *See id*. Jeffcoat's bodycam footage confirms the officers informed Plaintiff of his *Miranda*[1] rights and the reason for his arrest. *Id.* The RCSD officers then executed the residential search warrant, recovering stolen items, clothes matching the surveillance images, and the 2017 Chevrolet Malibu. Finch and Wilfong were present during this search. *Id.* at 4. Plaintiff later pleaded guilty to burglary in the second degree related to the second burglary, which resulted in the dismissal of charges for the first burglary. *Id.*

### B.     The Magistrate Judge's Recommendation

The magistrate judge recommends granting Defendants' motion for summary judgment as to Plaintiff's official capacity claims because Plaintiff concedes such claims are barred by the Eleventh Amendment. *Id.* at 6.

With respect to Plaintiff's Fourth Amendment claims against Defendants in their individual capacities, the magistrate judge recommends granting Defendants' motion for summary judgment because both warrants were supported by probable cause and the Plaintiff failed to demonstrate the warrants were otherwise unlawful. *See id*. at 9–11. Further, because Defendants advised Plaintiff of his *Miranda* rights and explained the reason for his arrest, the magistrate judge recommends granting Defendants' motion as to Plaintiff's Fifth Amendment claims. *Id.* at 11–12. As to Plaintiff's Fourteenth Amendment claims, the magistrate judge recommends granting Defendants' motion because the record lacks evidence to support the claims and because such claims are properly analyzed under the Fourth Amendment. *Id.* at 11 n.1.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Finally, having recommended dismissal of all federal claims, the magistrate judge recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *Id.* at 12.

The court finds no clear error in the unobjected to portions of the Report and reviews de novo the objections raised, which are addressed below.

## II. Plaintiff's Objections

Plaintiff objects to the Report on five primary grounds:

1) The Report erroneously concludes Defendants lawfully executed the arrest warrant because Defendants acted outside of their jurisdictional limits;

2) The Report incorrectly deems the search warrant valid because the warrant contains technical deficiencies and Defendants, rather than RCSD officers, conducted the search;

3) The magistrate judge relied on improper evidence in concluding the warrants were supported by probable cause;

4) The Report incorrectly finds Defendants did not violate Plaintiff's Fifth Amendment rights because he was deprived of due process when Defendants arrested him under invalid and unauthorized warrants; and

5) The Report fails to offer legitimate reasons for why court should decline supplemental jurisdiction over Plaintiff's state-law claims.

*See* ECF No. 43. Each objection is overruled for the reasons that follow.

### A. Arrest Warrant

Plaintiff argues that Defendants lacked jurisdiction to arrest him in Richland County on a Lexington County warrant. *Id.* at 1–2, 4–5. Under South Carolina law, however, sheriffs "have jurisdiction to arrest in their own county and adjoining counties." *Cone v. Nettles*, 417 S.E.2d 523, 424 n.2 (S.C. 1992) (citing S.C. Code Ann. § 23-13-60 (1989)); *see also* S.C. Code Ann. § 17-13-40(B) ("When the police authorities of a county are in pursuit of an offender for a violation of a

6

county ordinance or statute of this State committed within the county, the authorities may arrest the offender, with or without a warrant, at a place within the county, or at a place within an adjacent county."). Because Lexington and Richland are adjacent counties, Defendants lawfully arrested Plaintiff. Plaintiff's first objection is therefore overruled.

B.     **Search Warrant**

Plaintiff next challenges the validity of the search warrant, arguing the warrant contained technical deficiencies and improper execution.

Plaintiff asserts the search warrant was invalid because it lacked the issuing magistrate's name in legible form and a return address. [ECF No. 43 at 2.] But South Carolina law dictates no such requirements. *See* S.C. Code Ann. § 17-13-140 (discussing the issuance of search warrants). Further, the search warrant form used by Defendants was approved by the Attorney General, only requires the issuing magistrate's signature, and does not require a return address. *See* ECF No. 43-1 at 2–5; *see also* S.C. Code Ann. § 17-13-160 ("[A]ll arrest warrants and search warrants issued by the State or any political subdivision thereof shall be in a form as prescribed by the Attorney General and the Attorney General's office shall prescribe such forms to all law enforcement agencies."). Accordingly, purported technical deficiencies identified by Plaintiff are not defects under South Carolina law.

Plaintiff also contends the search warrant was invalid because Defendants, not RCSD officers, executed the warrant. [ECF No. 43 at 2.] Plaintiff argues the search warrant itself supports this argument because it lists Jeffcoat as the executing officer and shows the inventory was made in the presence of Finch and Wilfong. *See id.* The record reflects, however, that RCSD Investigator Kirby was the executing officer *See* ECF No. 43-1 at 4. Further, while Finch and Wilfong represent they were present during the search and inventory, ECF No. 36-1 at 2, ECF No. 43-1 at 5, this did

7

not make the warrant invalid. *See* S.C. Code Ann. § 17-13-140 (discussing requirements for the issuance and execution of search warrants). Therefore, the search warrant was valid and lawfully executed, and Plaintiff's objection is overruled.

### C.     Improper Evidence

Plaintiff's third objection argues the magistrate judge relied upon improper evidence when she concluded Defendants' warrants were supported by probable cause. [ECF No. 43 at 3.] Plaintiff reasons that because one of his burglary charges was dismissed nolle prosequi, the magistrate judge could not consider allegations regarding the dismissed burglary in this civil action. *See id*. This reasoning is flawed. A dismissal by nolle prosequi does not bar a court from considering the facts in a civil case. *See Helvering v. Mitchell*, 303 U.S. 391, 397–98 (1938) (finding a criminal disposition does not preclude the civil consideration of the same conduct). This objection is overruled as the evidence was properly considered here.

### D.     Fifth Amendment

In his fourth objection, Plaintiff argues Defendants violated his Fifth Amendment right to due process because they arrested him with invalid and unauthorized warrants. [ECF No. 43 at 8.] However, as discussed above, both warrants were valid, authorized, and lawfully executed. *See supra* §§ II. A, B. Further, claims for improper searches and seizures are properly brought under the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 275–76 (discussing how claims arising from an unlawful arrest are properly analyzed under the Fourth Amendment, not the Fifth Amendment). Thus, the court overrules this objection.

### E.     State Law Claims

Plaintiff's final objection contends the magistrate judge failed to offer legitimate reasons for why this court should decline supplemental jurisdiction over his state-law claims. *See* ECF No.

43 at 8. The magistrate judge, however, suggests declining jurisdiction because she recommends granting Defendants' motion for summary judgment for all of Plaintiff's federal claims. *See* ECF No 41 at 12. This reason is legitimate, so the court overrules Plaintiff's final objection. *See* 28 U.S.C. § 1367(c) (allowing a district court to decline to exercise jurisdiction over a supplemental claim if the court has dismissed all claims over which it had original jurisdiction); *United States ex rel. Scott v. Metropolitan Health Corp.*, 375 F. Supp. 2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative.").

## CONCLUSION

As outlined above, each of Plaintiff's objections is overruled, and the court adopts the Report and Recommendation of the magistrate judge. Defendants' motion for summary judgment, ECF No. 36, is therefore **GRANTED**, and Plaintiff's motion for summary judgment, ECF No. 28, is **DENIED**.

    **IT IS SO ORDERED.**

January 5, 2026                                            Sherri A. Lydon
Columbia, South Carolina                       United States District Judge